D. W. FELLOWS v. Steamer R. W. POWELL and OWNERS.

The master of a ship or other vessel, has no general authority, as such, to sign a bill of lading for goods which are not put on board the vessel; and for the want of such authority, the owners of a ship are not responsible to parties taking a bill of lading which has been signed by the master without receiving the goods on board.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Mott & Fraser* for plaintiff. *Lee & Marr*, for defendants and appellants.

LAND, J. The plaintiff, a merchant at Camden, in Arkansas, instituted this suit against the owners of the steamer *R. W. Powell*, to recover the value of twelve bales of cotton which he alleges, he shipped on board said boat at Camden, consigned for sale to Fellows & Co. of this city, but which were not delivered to the consignees, and have been lost to him.

It appears from the evidence, that on a trip of the *R. W. Powell* to Camden, the clerk of the boat being at the counting house of the plaintiff, signed a bill of lading for the cotton which at the time had not been delivered on board the boat, but was at the warehouse of E. Hill & Co. at that place, with the understanding that the master of the boat would land at the warehouse and take on board the cotton for which the bill of lading had been signed and delivered to the plaintiff. It further appears that the master of the boat landed at the warehouse of E. Hill & Co. in the night time for the purpose of taking on board the cotton—but that it could not be found after a search by the clerk of the boat and by the shipping clerk of E. Hill & Co. (a large quantity of cotton being at the time around and in the warehouse); and that the *R. W. Powell* proceeded on her trip to this city without the cotton. And it further appears that within a few days afterwards, the cotton was destroyed by fire in the warehouse of E. Hill & Co.

Upon these facts the question arises whether the owners of the boat are liable for the value of the cotton, on the bill of lading signed and delivered to the plaintiff.

The master of the boat acted through his clerk, as the agent of the owners, and whether they are bound by the bill of lading, depends on the question whether the master had authority to bind the owners for the delivery of the cotton, before it was actually delivered to him.

It has been held both in England and in this country, that the master of a ship or other vessel has no general authority, as such, to sign a bill of lading for goods which are not put on board the vessel; and that for the want of such authority, the owners of the ship are not responsible to parties taking a bill of lading which has been signed by the master without receiving the goods on board. See *Grant* v. *Norway*, 2d Eng. L. & E. 337; *Buckingham* v. *Freeman*, 18 Howard U. S. R. 188.

This doctrine meets with our approval; and its application to this case defeats the plaintiff's action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendants, with costs in both courts.

VOORHIES, J., absent.